IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> JAS FORWARDING, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE SECOND AND THIRD CAUSES OF ACTION <br><br><br><br> Case No. 2:09-CV-450-TS |

This matter is before the Court on Defendant's motion to dismiss the Second and Third Causes of Action, Promissory Estoppel and Negligence, respectively. The action arises out of the international transportation and sale of audio conferencing products. In addition to the claims Defendant now seeks to have dismissed, Plaintiff also claims defendant breached the contract. For the reasons set forth below the Court will deny the motion.

**I. Jurisdiction and Venue**

This Court has Subject Matter Jurisdiction based on 28 U.S.C. § 1332, because the parties are diverse and the matter in controversy exceeds $75,000.[1]  Venue is proper pursuant to 28 U.S.C. § 1391(a).

---

[1] Complaint, at ¶ 7.

## II. Factual Background

In December 2008, Plaintiff contracted to sell audio conferencing products to a purchaser in China.[2] To ensure payment for the shipped products, Plaintiff requested the issuance of a letter of credit (LOC) in connection with the transaction.[3] Even though the purpose of the LOC was to secure payment to Plaintiff, Plaintiff was required to pay for the LOC.[4] The LOC was issued around December 26, 2008, in the amount of $120,979.27.[5] Plaintiff then contracted with Defendant, through its office in San Francisco, California, to arrange for the shipment and delivery of Plaintiff's products to China.[6] Plaintiff alleges that "Pursuant to the documents governing the agreement, including without limitation the Air Way Bill issued by Defendant on January 6, 2009, and the Shippper's Letter of Instructions issued by Plaintiff on December 31, 2008, Defendant committed to act as Plaintiff's agent with respect to the delivery of Plaintiff's products and the presentation of the LOC documents."[7] The Letter of Instructions specifically required JAS to "prepare and present all letter of credit documents to the bank per the L/C instructions."[8] The LOC instructed the documents be presented to the bank within fifteen (15) days of shipment; the last date of shipment being January 5, 2009.[9] The expiration date of the

---

[2] *Id.* at ¶ 6.

[3] *Id.* at ¶ 7.

[4] *Id.*

[5] *Id.* at ¶ 8.

[6] *Id.* at ¶ 11.

[7] *Id.*

[8] *Id.* at ¶ 12; *see also* Exhibit C.

[9] Complaint, at ¶ 14.

LOC, January 20, 2009, coincided with 15 days after the last date of shipment deadline.[10] Defendant successfully delivered $108,269.67 worth of Plaintiff's products to China.[11] Defendant did not present the LOC documents to the bank until March 4, 2009, almost two months after shipment.[12] On March 11, 2009, Plaintiff was notified the LOC had been rejected. The bank stated the documents presented to the bank by Defendant were not acceptable because (i) the documents were not presented until after the LOC had expired, (ii) the shipment was late, (iii) the "shipment advice" had not been presented, and (iv) the presentation of the documents itself was late.[13] Defendant, through an Air Export Supervisor, admitted it did not comply with its obligations by failing to timely present the LOC documents.[14] Plaintiff has made a demand on the recipient of its goods in China, but has received no response.[15] Defendant has declined to reimburse Plaintiff for its losses.[16] Plaintiff seeks reimbursement for its losses according to three Causes of Action: (1) Breach of Contract, (2) Promissory Estoppel, and (3) Negligence.

### III. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the

---

[10]*Id*.

[11]*Id*. at ¶ 15.

[12]*Id*. at ¶16-17.

[13]*Id*. at ¶ 18, *see also* Exhibit F.  Plaintiff does not allege the shipment itself was late, and it is unclear what shipment the bank is referring to.  Plaintiff bases its claim primarily on the late presentation of the documents.

[14]Complaint. at ¶ 19.

[15]*Id*. at ¶ 20.

[16]*Id*. at ¶ 21.

light most favorable to Plaintiff as the nonmoving party.[17]  This standard applies to both the original and amended complaint.[18]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[19]  But, the court "need not accept conclusory allegations without supporting factual averments."[20]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[21]

The Court explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.[22]  Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[23]

### IV. Discussion

Defendant asserts Plaintiff's Promissory Estoppel and Negligence Claims are barred by the "economic loss rule."  The economic loss rule has been adopted under Utah law, but it is an

---

[17]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[18]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[19]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[20]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[21]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[22]*Id*.

[23]*The Ridge at Red Hawk, LLC  v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

evolving doctrine.[24]  "The economic loss rule is a judicially created doctrine that marks the fundamental boundary between contract law, which protects expectancy interests created through agreement between the parties, and tort law, which protects individuals and their property from physical harm."[25]  The Utah Supreme Court has expressly adopted the interpretation of this rule as provided in *Grynberg v. Agric. Tech. Inc.*,[26] which states:

> The proper focus in an analysis under the economic loss rule is on the source of the duties alleged to have been breached.  Thus, our formulation of the economic loss rule is that a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty.[27]

"When an independent duty exists, the economic loss rule does not bar a tort claim 'because the claim is based on a recognized and independent duty of care and thus does not fall within the scope of the rule.'"[28]  The economic loss rule bars economic recovery "in negligence absent physical property damage or bodily injury."[29]  Among the states that have adopted the economic loss rule, the doctrine's scope varies widely.[30]  Some states only apply the economic loss doctrine in products liability cases or when a plaintiff in privity with defendant is seeking to

---

[24]*Hafen v. Strebeck*, 338 F.Supp. 2d 1257, 1266 (D. Utah 2004).

[25]*Id*.

[26]10 P.3d 1267, 1269 (Colo. 2000); *Hafen*, 338 F.Supp. 2d at 1266.

[27]*Grynberg*, 10 F.3d at 1269.

[28]*Hermansen v. Tasulis*, 48 P.3d 235, 240 (Utah 2002) (quoting *Town of Alma v. Azco Constr., Inc.*, 10 P.3d 1256, 1263 (Colo. 2000)).

[29]*SME INdus., Inc. v. thompson, Ventulett, Stainback and Assoc.*, 28 P.3d 669, 680 (Utah 2001) (quoting *American Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1189 (Utah 1996)).

[30]*Banknorth , N.A.. v. BJ's Wholesale Club*, 394 F.Supp.2d 283, 287 (D. Maine 2005).

"circumvent provisions of the contract."[31]  Other states apply the doctrine more broadly and bar all claims in tort failing to allege either personal or property damage.[32]  Still other states view the economic loss doctrine as a method for determining whether a defendant owes a special duty to the plaintiff and go through a foreseeability analysis in applying the doctrine.[33]  Utah cases laying out the economic loss doctrine are limited.

Based on the Utah Supreme's Court express adoption of Colorado's interpretation of the economic loss rule in *Grynberg*, Defendant urges this court to follow other Colorado decisions with respect to application and interpretation of the rule.  Specifically, Defendant cites *Specialized Grading Enterprises, Inc. v. Goodland Const., Inc.*,[34] for the proposition that promissory estoppel is also barred by the economic loss rule.[35]  Defendant further urges that the negligence claim is barred because Plaintiff has not alleged any facts regarding physical property damage or bodily injury.

Because the negligence claim is rather straightforward, it will be addressed first.  Defendant is correct that economic recovery in a negligence claim requires physical property damage or bodily injury.[36]  However, Defendant ignores case law, quoted in its own brief, that

---

[31]*Id.*, *see, e.g.*, *Indem. Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532, 537 (Fla. 2004); *Grynberg v. Agri Tech, Inc.*, 10 P.3d 1267, 1269 (Colo. 2000).

[32]*Banknorth,* 394 F.Supp.2d at 287, *see, e.g.*, *Nebraska Innkeepers, Inc. v. Pittsburgh-Des Moines Corp.*, 345 N.W.2d 124, 128 (Iowa 1984).

[33]*Banknorth,* 394 F.Supp.2d at 287, *see, e.g.*, *Aikens v. Debow*, 541 S.E.2d 576, 589 (2000); *People Express Airlines, Inc. v. Consolidated Rail. Corp.*, 495 A.2d 107, 116 (1985).

[34]181 P.3d 352 (Colo. Ct. App. 2007).

[35]*Id.* at 354.

[36]*SME INdus., Inc. v. Thompson, Ventulett, Stainback and Assoc.*, 28 P.3d 669, 680 (Utah 2001) (quoting *American Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1189 (Utah 1996)).

the economic loss rule only bars recovery on a tort claim absent an independent duty of care under tort law.[37]  In both  its original Complaint and its Memorandum in Opposition to Motion to Dismiss, Plaintiff alleges Defendant "committed to act as [Plaintiff's] agent with respect to delivery of the [Plaintiff's] products and the presentation of the LOC documents."[38]  Because this is a Motion to Dismiss, all well plead factual allegations are taken as true and viewed in the light most favorable to the non-moving party, Plaintiff in this case.  Therefore, the Court must assume that a principal-agent relationship exists.  Moreover, this is the type of case involving factual disputes regarding the character of relationship between the parties and what, if any, duty was owed, that cannot be resolved on a motion to dismiss.[39]  The principal-agent relationship carries with it independent duties of care under tort law, thus recovery would not be barred by the economic loss rule.[40]

Relying on the rule laid out in *Specialized Grading*, Defendant argues the Promissory Estoppel claim is precluded by the economic loss rule.  Plaintiff counters that its Promissory Estoppel claim was plead as an alternative claim consistent with both the Federal Rules of Civil Procedure[41] and *Becker v. HAS/Wexford Bancgroup, LLC*.[42]  The issue in *Specialized Grading*,

---

[37] *Hermansen*, 48 P.3d at 240; Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss at 7.

[38] Complaint at ¶ 11; Memorandum in Opposition to Motion to Dismiss at ¶ 6.

[39] *Banknorth*, 394 F.Supp.2d at 287.

[40] *Hermansen*, 48 P.3d at 240; Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss at 7.

[41] Fed. R. Civ. P. 8(a)(3) (A pleading that states a claim for relief must contain: . . . a demand for the relief sought, which may include relief in the alternative or different types of relief).

[42] 157 F.Supp. 2d 1243, 1253 (D. Utah 2001).

was an appeal of a directed verdict of a quantum meruit claim. The court stated that "if an express contract exists, there can be no implied contract covering the same subject matter between the parties."[43] The *Specialized Grading* court, however, said nothing about pleading an implied contract claim as an alternative, and the statements regarding promissory estoppel and the economic loss rule were mentioned by it while distinguishing another case, and unrelated to the issue at hand. Additionally, recent cases regarding the economic loss rule and promissory estoppel, do not seem to apply the foregoing rule.[44] Moroever, in *Becker*,[45] the court specifically stated that contract and quasi-contract law claims may be plead in the alternative.[46] The court explained that a party may not recover under a theory of implied contract only if "the express contract which governs the obligations between the parties in the case is found to be enforceable."[47] Therefore, the court reasoned, "until a jury determined whether there was or was not a binding contract between the parties [or presumably what the terms of the contract are] it would be premature to dismiss [plaintiff's] quasi-contract claims."[48]

---

[43]*Specialized*, 181 P.3d at 345.

[44]*See Baca v. Clark*, 2007 WL 2022054, at *2 (D.Colo. July 9, 2007) (arguing (1) negligent misrepresentation is barred by the economic loss rule; and (2) promissory estoppel claim suffers multiple evidentiary and legal deficiencies); *see also Lexico Resources Intern. Corp. v. Lafayette Life Ins. Co.*, 2006 WL 1119038, at *5 (D.Colo. April 27, 2006) (plaintiff arguing it has established sufficient facts to entitle it to a trial on its claims for breach of contract and promissory estoppel, and that its *negligence claim* is not barred by the "economic loss" rule)(emphasis added).

[45]157 F.supp.2d 1243, 1253 (D. Utah 2001).

[46]*Id*.

[47]*Id*.

[48]*Id*.

Even though it has been established that Utah follows Colorado's interpretation of the economic loss rule, courts have also stated that it is an "evolving doctrine" in Utah, and have recognized its current limited scope.[49] It is well settled under both the Federal Rules of Civil Procedure and Utah law that contract and quasi-contract claims may be plead in the alternative.[50] Additionally, the Tenth Circuit is reticent about expanding state law without clear guidance from our states' highest court.[51]

## V. Conclusion

At this stage of the proceedings the Court must view all factual allegations in light most favorable to the Plaintiff. Moreover, the arguments made by both parties with regard to an independent duty and the economic loss rule hinge upon issues of fact that may not be appropriately resolved at this point. Plaintiff has alleged a principal agent relationship with Defendant, which could create a source of independent duty outside of the contract. The economic loss rule does not prevent economic recovery on a tort claim stemming from a duty independent from the contract. The Court does not find Defendant's argument that Promissory Estopple is barred by the economic loss rule persuasive. Utah courts, in accord with the Federal Rules, have specifically held that contract and quasi-contract claims may be plead in the alternative. For the above reasons the Court will Deny Defendant's Motion to Dismiss Causes of Action Two and Three, Promissory Estoppel and Negligence, respectively. It is therefore

---

[49]*Hagen*, 338 F.Supp.2d at 1266.

[50]*Supra* n. 36-37.

[51]*Tayor v. Phelan*, 9 F.3d 882, 887 (10th Cir. 1993)

ORDERED Defendant's Motion to Dismiss (Docket No. 6) is DENIED.

DATED   October 7, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge